IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. DENISE WHITE, a/k/a "Lisa Young" and "Lisa White," *Defendant.* | Criminal Action No.: ELH-19-0034 |

**MEMORANDUM**

Denise White, the self-represented defendant, has filed a motion for compassionate release. ECF 114 (the "Motion"). I shall construe the Motion under 18 U.S.C. § 3582(c)(1)(A)(i), as it is predicated on the COVID-19 pandemic and Ms. White's underlying health conditions. Ms. White has also submitted other correspondence. *See*, *e.g.*, ECF 125, ECF 127, ECF 128.

The government opposes the Motion. ECF 127. The government argues, among other things, that Ms. White is ineligible for compassionate release because she has not exhausted her administrative remedies. *Id.* at 1, 16-19. The opposition is supported by several exhibits.

Ms. White has not replied, and the time to do so has expired.

A hearing is unnecessary to resolve the Motion. For the reasons that follow, I shall deny the Motion, without prejudice, based on failure to exhaust.

As the record reflects, Ms. White entered a plea of guilty on August 28, 2019 (ECF 69), pursuant to a Plea Agreement. ECF 70. In particular, she pled guilty to Counts Thirteen and Fourteen of a Superseding Indictment. *See* ECF 22. Those counts charged Ms. White with bank

fraud, in violation of 18 U.S.C. § 1334, and aggravated identity theft, in violation of 18 U.S.C. § 1028(A).

Sentencing was held less than one year ago, on November 15, 2019. The Court imposed a sentence of 72 months' incarceration as to Count Thirteen and the mandatory term of 24 months, consecutive, as to Count Fourteen, for a total term of imprisonment of 96 months, with credit for time served from April 3, 2019. *See* ECF 108 (Judgment).

The Presentence Report (ECF 83, "PSR") detailed various health conditions of the defendant, including diabetes and high blood pressure. *Id.* ¶ 68. It also indicated that the defendant is 5'8" tall and, at the time, weighed 363 pounds. *Id.* Three children reside with their father and his mother. *Id.* ¶ 65. Another child resides with the defendant's cousin. *Id.*

The defendant is currently serving her sentence at FCI-Tallahassee, a low security correctional institution in Tallahassee, Florida.[1] The government observes that "COVID-19 is well under control at FCI-Tallahassee." ECF 127 at 8. As of the time of the government's submission, there was no incidence of COVID-19 at that institution.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson,* 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. Section 3582 was adopted as part

---

[1] Ms. White requested service of her sentence at that facility.

of the Sentencing Reform Act of 1984. It originally permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). Thus, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See*, *e.g.*, *Orlansky v. FCI Miami Warden*, 754 F. App'x 862, 866-67 (11th Cir. 2018); *Jarvis v. Stansberry*, No. 2:08CV230, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because § 3582 "vests absolute discretion" in the BOP).

However, for many years the safety valve of § 3582 languished. The BOP rarely filed motions on an inmate's behalf. As a result, compassionate release was exceedingly rare. *See Hearing on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Comm'n* 66 (2016) (statement of Michael E. Horowitz, Inspector General, Dep't of Justice) (observing that, on average, only 24 inmates were granted compassionate release per year between 1984 and 2013).

In December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. So, once a defendant has exhausted his administrative remedies, he may petition a court directly for compassionate release.

Section 3582(c) is titled "Modification of an imposed term of imprisonment." Under § 3582(c)(1)(A), the court, upon motion of the Director of BOP or the defendant, upon exhaustion

of administrative rights, may modify the defendant's sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds, *inter alia*, that "extraordinary and compelling reasons warrant such a reduction."

Notably, the defendant, as the movant, bears the burden of establishing that she is entitled to a sentence reduction under 18 U.S.C. § 3582. *See*, *e.g.*, *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *United States v. Edwards*, NKM-17-00003, 2020 WL 1650406, at *3 (W.D. Va. Apr. 2, 2020). And, compassionate release is a rare remedy. *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *United States v. Mangarella*, FDW-06-151, 2020 WL 1291835, at *2-3 (W.D. N.C. Mar. 16, 2020); *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

The defendant has filed numerous submissions. She identifies the COVID-19 pandemic and her health as an extraordinary and compelling circumstance, for which she asks the Court to reduce her sentence. But, as the government notes, there is no indication that Ms. White has exhausted her administrative remedies with respect to her request for compassionate release. That is a significant omission.

In particular, defendant has not shown that she made a request to the BOP for compassionate release before filing her Motion with the Court. According to the government's exhibits, the defendant submitted an inquiry to the Warden on April 10, 2020, in which she said: "I wanted to inquire on the protocol to request a compassionate release/sentence reduction through BOP. I was reading material on the subject and it advised to submit the request to the Warden of the housing facility. The correct term of the request was called RIS Request. Could you let me know as time permits. Thank you in advance!" ECF 127-1. The Warden responded on May 7, 2020, stating: "You may speak with Unit Team." *Id.*

On April 14, 2020, defendant submitted another inquiry, stating: "I wanted to know if I was on the list of inmates thats [sic] qualified for 'Home Confinement.' I do not have a violent crime and I have adequate residency. Please let me know as time permits. Thank you!" ECF 127-2.[2]

To my knowledge, the Fourth Circuit has not addressed the issue of exhaustion in regard to compassionate release. But, judges in this district have generally found that 18 U.S.C. § 3582 is not subject to equitable waiver. *United States v. Maycock*, GLR-14-0133, 2020 WL 2395620, at *2 (D. Md. May 12, 2020); *United States v. Osagbue*, PX 19-448, 2020 WL 1939713, at *1 (D. Md. Apr. 22, 2020); *United States v. Underwood*, TDC-18-0201, 2020 WL 1820092, at *2-3 (D. Md. Apr. 10, 2020); *United States v. Johnson*, 451 F. Supp. 3d 436, 440 (D. Md. 2020). And, those courts that have waived the exhaustion requirement have done so only where it is clear that petitioning the BOP would be an exercise in futility. *See, e.g.*, *United States v. Barringer*, PJM 13-0129, 2020 WL 2557035, at *2-3 (D. Md. May 19, 2020) (waiving exhaustion requirement because defendant was designated to one prison but had not yet been transferred and remained in the custody of the U.S. Marshal Service).

The government argues, and I agree, that Ms. White's inquires on April 10, 2020 and April 14, 2020, do not constitute a request by Ms. White to the BOP for a reduction of sentence based on defendant's underlying health conditions. Moreover, no circumstances amounting to futility are apparent here. Accordingly, because Ms. White has not demonstrated that she petitioned the BOP for release and 30 days have elapsed, her Motion is premature. On this basis, I shall deny the Motion, without prejudice.

---

[2] The government also represents to the Court that it has been advised by the BOP that defendant was deemed ineligible for home confinement. ECF 127 at 19.

An Order follows.

Date:  October 30, 2020  
                                                                              /s/  
                                                                    Ellen L. Hollander  
                                                                    United States District Judge